UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| ELLIOT N. WILLIAMS, | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. 2:20-CV-00277 |
| versus | ) |
| | ) JUDGE JAMES D. CAIN, JR. |
| MCDERMOTT INTERNATIONAL, INC. AND CB&I, LLC, | ) |
| | ) MAGISTRATE JUDGE KATHLEEN KAY |
| Defendant. | ) |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, CB&I LLC and McDermott International, Ltd ("Defendants"), by and through undersigned counsel, submit this Reply Memorandum in response to Plaintiff's Opposition and in further support of their Motion for Summary Judgment.

**I.     OVERVIEW**

Plaintiff's Opposition spends considerable time bombarding the Court with a litany of reasons why this case is unique and distinguishable from each and every case cited by Defendants in their Motion for Summary Judgment. Such efforts are an apparent attempt to overwhelm this Court and lead it to conclude that must be a fact issue somewhere in all the argument. When examined closely, however, Plaintiff's allegations and unsupported accusations do not detract from his own admissions and the undisputed facts in this case. Specifically, Plaintiff admits that, immediately after he old his new Foreman, James Dever, and Human Resources ("HR") about his coworker's alleged harassment toward him, Defendants took swift and effective action to stop that alleged harassment. By his own admission, Plaintiff never reported the supposed racial harassment

to his former Foreman, Paul Williams, and once he did report it to Dever and HR, the harassment stopped.

Moreover, despite Plaintiff's claims to the contrary, as a matter of law, Williams' alleged physical presence during some of Vincent's racial remarks and jokes, standing alone, does not create an issue of fact preventing summary judgment nor does it establish a basis for holding Defendants liable. Additionally, Plaintiff's Opposition misrepresents Plaintiff's testimony regarding Williams' supposed retaliatory actions. There is simply no evidence establishing that Plaintiff complained about Williams' so-called retaliatory actions at any time before Plaintiff's resigned his employment. Finally, Plaintiff's constructive discharge claim is also fatally flawed because Plaintiff fails to demonstrate intolerable working conditions. Indeed, no such evidence exists. Consequently, Defendants' Motion is due to be granted.

## II.   LAW AND ARGUMENT

### A.  The EEOC's Determination Is Not Dispositive

Plaintiff attempts to avoid summary judgment by relying on the EEOC's cause determination to support his claims in this action. (R. Doc. 25-2, p. 12). He further claims that a reasonable cause finding by the EEOC is a rarity and suggests it, therefore, should "provide persuasive proof that… Plaintiff was subjected to unlawful discrimination. " (R. Doc. 25-2, p. 12, fn. 3). Repeated Fifth Circuit holdings, however, expressly reject this suggestion and make abundantly clear that district courts are not bound by the EEOC's determinations, nor are such determinations sufficient to defeat summary judgment where summary judgment evidence does not support the EEOC's determination. *Cruz v. Aramark Servs., Inc*., 213 F. App'x. 329, 335 (5th Cir. 2007); *see also Wright v. Columbia Women & Children's Hosp.,* 34 F. App'x. 151 (5th Cir. 2002) (affirming summary judgment against the employee despite an EEOC determination letter finding reasonable cause to believe the employer unlawfully discriminated, because the letter was

conclusory and not supported by the summary judgment evidence). Here, the EEOC's August 21, 2019 determination letter contains only the broadest legal and factual conclusions, does not identify the evidence used by the EEOC in making the decision, and provides no information regarding the scope of its investigation. (R. Doc. 28-11). The EEOC's conclusory opinion, unsupported by the evidence in the summary judgment record, cannot defeat Defendants' summary judgment motion .

### B. Plaintiff's Harassment Claim Fails as a Matter of Law.

Plaintiff's own admissions and established case law foreclose his claim that Foreman Williams' supposed presence during Vincent's racially harassing remarks was sufficient to put Defendants on notice of the alleged violation.

#### 1. *No Admissible Evidence Establishes Williams' Supposed Knowledge*

Plaintiff readily admitted in his deposition that he never reported Vincent's alleged harassment to Williams. (R. Doc. 23-3, pp. 45-46). Rather, he attempts to attribute "constructive knowledge" to the company simply because Williams "was present and witnessed Vincent make these repeated egregiously racial remarks in almost every morning meeting and took no remedial action." (R. Doc. 28, p. 29). Plaintiff, however, has no personal knowledge about what Williams witnessed, heard, or knew in this regard. Instead, he bases his entire "constructive knowledge" argument on speculation and conclusory assertions about what he thinks Williams' saw, heard, or knew, which necessarily fail. Summary judgement is appropriate when the nonmoving party "rests upon conclusory allegations, improbable inferences, and unsupported speculation. *Hockman v. Westward Communications*, LLC, 407 F. 3d 317, 332 (5th Cir. 2004) (summary judgment is appropriate where the nonmoving party "rests merely upon conclusory allegations, improbable inferences, and unsupported speculation"). Williams' mere presence, without more, does not establish constructive knowledge of the alleged harassment.

3

Moreover, without personal knowledge about what Williams witnessed, heard, or knew, Plaintiff's testimony is inadmissible. Evidence relied upon at the summary judgment stage need not be presented in an admissible form, but it must be capable of being "presented in a form that would be admissible in evidence." *LSR Consulting, LLC v. Wells Fargo Bank, N.A.,* 835 F.3d 530, 534 (5th Cir. 2016) (quoting Fed. R. Civ. P. 56(c)(2)); *see also Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 661 (5th Cir. 1976) ("Evidence inadmissible at trial cannot be used to avoid summary judgment."). "Neither legal conclusions nor statements made without personal knowledge are capable of being so presented." *D'Onofrio v. Vacation Publ'n, Inc.*, 888 F.3d 197, 208 (5th Cir. 2018) (citing Fed. R. Evid. 602, 701, & 702). Plaintiff's testimony about Williams' knowledge is patently inadmissible and should not be relied on at this stage.

### 2. *Plaintiff Never Reported Vincent's Alleged Harassment to Paul Williams*

Both cases Plaintiff's Opposition cites in support of his "constructive knowledge" argument are readily distinguishable from the present case. In *Abbt*, the supervisor at issue had authority to take remedial action against the offending employee. *Abbt,* 28 F. 4th at 610. Moreover, in *Abbt*, the supervisors at issue had **actual knowledge** of the harassment because they actively participated in it over a **nine-year span**. *Id.* That actual knowledge and active participation were the basis for imputing liability to the employing city. *Id.*

Here, unlike in *Abbt*, Plaintiff, who is Black, does not allege Williams, who is also Black, harassed him on the basis of race or actively participated in the harassment. In *Williamson,* the court imputed a supervisor's knowledge of verbal and physical sexual harassment toward the plaintiff by a coworker over an **eighteen-month period** because the plaintiff reported the harassment to her supervisor on at least 10-12 occasions and the supervisor most ignored those

complaints. Unlike in *Williamson*, Plaintiff in the instant action never reported any alleged harassment to Williams. (R. Doc. 23-3, pp. 45-46).

Most importantly, here, Williams does not meet the Title VII definition of "supervisor" for "constructive knowledge" purposes because Williams did not have the authority to transfer, hire, or fire Plaintiff. *See, e.g., Nash v. Electrospace Sys., Inc.,* 9 F.3d 401, 404 (5th Cir. 1993). Despite Plaintiff's claims to the contrary in his Opposition, Defendants did not misstate Sidney "Boo" Murray's position in this regard. Murray never testified that a foreman could act without HR's review and approval. Rather, he initially testified that Defendants had several zero tolerance offenses for which a foreman <u>could</u> terminate an employee. (R. Doc. 25-2, pp. 42-43). Later, however, he clarified that all offenses, even zero tolerance offenses such as harassment, are reported to the superintendent and HR for investigation and the superintendent and HR make decisions regarding discipline. (R. Doc. 22-4, pp. 6-7). Murray never testified that foremen could act without HR's review and approval. For these reasons and as further articulated in Defendants' Motion for Summary Judgment, Williams' knowledge cannot be imputed on Defendants for purposes of Title VII liability.

### 3.  *Defendants Acted Promptly and Successfully Ended the Alleged Harassment*

Undisputedly, (1) the first time Plaintiff reported the alleged harassment by his coworker was when he reported it to Foreman Dever on July 18 or 19, 2016 (R. Doc. 22-2, ¶26), and HR on July 23, 2016 (R. Doc. 22-2, ¶32); and (2) as a result of Plaintiff's complaint, Defendants issued Vincent a Final Written Warning and transferred him to a different crew. (R. Doc. 22-3, pp. 67, 88). In similar cases, the Fifth Circuit that found such actions constitute "prompt remedial action" to relieve an employer from liability under Title VII. *See Skidmore v. Precision Printing & Packaging,* 188 F. 3d 606, 616 (5th Cir. 1999) (finding that the employer took "prompt remedial action" when a manager reprimanded the harassing coworker by moving him to a different shift

5

and instructing him to leave the plaintiff alone). By Plaintiff's own admission, Defendants' prompt, remedial action, ended the harassment. (R. Doc. 22-3, p. 88). Defendants are therefore entitled to summary judgment on this issue.

### III. Plaintiff Did Not Suffer a "Materially Adverse" Employment Action

In his Opposition, Plaintiff set forth a list of alleged adverse employment actions perpetrated against Plaintiff by Williams a result of Plaintiff's complaint about his coworker's alleged racial harassment. (R. Doc. 25-2, p. 51). As more fully explained in Defendants' Motion for Summary Judgment, even under the relaxed standard for retaliation claims these alleged actions do not rise to the level of "materially adverse" such that they would "have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Lynch v. Fluor Fed. Petroleum Operations, LLC*, 2022 WL 671754, at *11 (E. D. La. Mar. 7, 2022). Plaintiff claims Williams "assigned Plaintiff menial, belaboring tasks," but only points to one instance to support that conclusory allegation. In that one instance, Williams instructed Plaintiff "to move an entire stack of rebar" (R. Doc. 25-2, pp. 44-45), which is not materially adverse because, as Plaintiff testified, moving rebar was part of all riggers' job duties. (R. Doc. 22-3, pp. 69, 97). Being assigned to perform regular that are part of one's job description is not a materially adverse employment action. See *Peterson v. Linear Controls, Inc.,* 757 F. App'x. 370, 375-76 (5th Cir. 2019).

### IV. Plaintiff's Last-Ditch Effort at Proving an Adverse Action Through a Constructive Discharge Claim Cannot Save His Retaliation Claim from Summary Judgment

Plaintiff, when faced with disposition of his vague and conclusory retaliation allegations, attempts to engineer an adverse employment action by arguing he was constructively discharged. In an effort to create a fact issue about whether it was reasonable for him to resign under the circumstances at issue, without any cite to record evidence, Plaintiff alleges in his Opposition that he sought medical treatment from the VA. (R. Doc. 28, p. 16). The constructive discharge standard,

6

however, is an objective, not subjective, one. *See Ricks v. Friends of WWOZ, Inc.*, No. 18-9767, 2019 WL 4671582, at *6 (E.D.La. Sept. 25, 2019). Plaintiff's subjective belief his termination was inevitable is insufficient to defeat summary judgment on this issue. *See Ricks* at *9.

## V. Conclusion

For all the reasons explained herein and in Defendants' original memorandum, Defendants pray for dismissal of this lawsuit in its entirety, with prejudice, and at Plaintiff's sole cost.

Respectfully submitted,

/s/ *Ellen C. Rains*
Christopher E. Moore, La. Bar No. 1999
Hal D. Ungar, La. Bar No. 31344
Ellen C. Rains, La. Bar No. 36927
Ogletree, Deakins, Nash, Smoak & Stewart, P. C.
701 Poydras Street, Suite 3500
New Orleans, LA  70139
Telephone:  (504) 648-3840
Facsimile:  (504) 648-3859
Email:  christopher.moore@ogletreedeakins.com
          ellen.rains@ogletreedeakins.com
          hal.ungar@ogletreedeakins.com

*Attorneys for Defendants, CB&I LLC and McDermott International, Ltd*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing was filed via the Court's CM/ECF system, which provides for service on all counsel of record.

This 22nd day of April, 2022.

/s/ *Ellen C. Rains*
Ellen C. Rains