UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ELLIOT N WILLIAMS** | **CASE NO. 2:20-CV-00277** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MCDERMOTT INT'L INC ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 32] filed by defendants CB&I LLC and McDermott International, Ltd., seeking to exclude evidence and argument at the jury trial in this matter set for June 20, 2022. Plaintiff opposes the motion. Doc. 41.

### I.
### BACKGROUND

This suit arises from a dispute relating to plaintiff's employment as a rigger journey at defendants' facility in Hackberry, Louisiana. Plaintiff filed suit in this court, raising claims of racial discrimination and retaliation under Title VII of the Civil Rights Act, based on allegations that he was exposed to a hostile work environment through another crew member's use of racial slurs and other discriminatory language, and that a supervisor retaliated against him with demeaning behavior, threats, and crew reassignments after he complained of the fellow crew member's behavior. Doc. 1. On defendant's motion for summary judgment, the court dismissed the discrimination claim based on a finding that plaintiff could not show that his employer failed to take appropriate remedial action after learning of the crew member's behavior. Doc. 22. The court denied the motion for

summary judgment as to the retaliation claim, however, finding that plaintiff had satisfied his burden of setting forth a prima facie case. *Id.*

The matter is now set for jury trial on June 20, 2022. Defendants move the court for an order *in limine* prohibiting the following at trial:

1. Any comment, argument, or evidence on defendants' wealth and ability to pay a large verdict

2. Any argument or comment asking the jury to stand in plaintiff's shoes ("Golden Rule" arguments)

3. Any argument or comment asking the jury to "send a message" to defendants or act as the "conscience of the community" ("conscience of the community" arguments)

4. Any reference, argument, evidence, or testimony referring to plaintiff as the "victim"

5. Any mention of the court's prior rulings or the prior motion practice of any party

6. Any commentary, testimony, or evidence relating to plaintiff's dismissed claim of racial discrimination

7. Any commentary, argument, or testimony mischaracterizing the contents of any exhibit

8. Any commentary, testimony, or evidence regarding claims not pled in this lawsuit

9. Any commentary, testimony, or evidence relating to anecdotal employment-related problems of non-similarly situated employees or former employees of defendants

10. Any commentary, testimony, or evidence regarding other claims, judgments, actions, or charges against defendants

11. Generalized, conclusory, or speculative statements regarding the filing of an EEOC charge, alleged discrimination, or harassment

12. Introduction of the EEOC's Determination Letter of August 21, 2019

13. Introduction of the EEOC's Notice of Conciliation

14. Evidence regarding plaintiff's subjective beliefs of harassment and discrimination

15. Stray remarks representing alleged acts of discrimination

16. Proof of causation of mental and/or emotional distress

17. Any testimony, statements, or reports of a witness who is absent or unable to report

18. Any reference to the type or character of practice of defense counsel's law firm, its size, location, typical client, corporate interests, or the like

19. Any settlement discussions, negotiations, or offers made in this case

Doc. 33, att. 2. Plaintiff opposes the motion in almost all respects. Doc. 41.

.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

#### 1. Wealth and ability to pay

Defendants first move to bar any reference to or evidence of their size, wealth, and/or ability to pay a large verdict. To this end they note that such evidence is irrelevant to their ability to pay compensatory damages, *Geddes v. United Financial Grp.*, 559 F.2d 557, 560 (9th Cir. 1977), and argue that it is unfairly prejudicial at any rate. Evidence of defendants' net worth is, however, potentially relevant to the amount of punitive damages that should be awarded. *Jackson v. Wilson Welding Service, Inc.*, 2011 WL 5024360 (E.D. La. Oct. 20, 2011); *U.S. E.E.O.C. v. Denham Springs Pub. Co.*, 2012 WL 262268, at *2 (M.D. La. Jan. 27, 2012). Plaintiff has made a claim for punitive damages under Title VII and defendants have not brought any motion to dismiss the claim. Accordingly, the court will permit evidence of the defendants' net worth given its relevance to their ability to pay on this claim and the motion in limine will be denied on this basis.

#### 2. Golden Rule arguments

As defendants point out, the Fifth Circuit "'has forbidden plaintiff's counsel to explicitly request a jury to place themselves in the plaintiff's position and do unto him as they would have him do unto them.'" *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 278 (5th Cir. 1998) (quoting *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983)). Such arguments are improper because they invite a decision based on personal bias rather than on the evidence. *Id.* As plaintiff points out, however, Golden Rule arguments are prohibited on damages but may be permitted on liability. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 180 (5th Cir. 2005); *Stokes*, 710 F.2d at 1128. Accordingly,

the motion is granted in part and denied in part on this basis—plaintiff may make Golden Rule arguments on the issue of liability only.

### 3. Conscience of the Community

Defendants next ask that the court prohibit any arguments asking the jury to send a message or act as the conscience of the community. A conscience of the community argument "references to a community standard or expectation that would be disappointed unless the jury returned a large verdict in [the plaintiff's] favor." *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1239 (5th Cir. 1985). Such appeals "serve no proper purpose and carry the potential of substantial injustice when invoked against outsiders." Plaintiff's counsel may, however, ask the jury to send a message with respect to his request for punitive damages. *See, e.g.*, *Aikens v. Central Or. Truck Co., Inc.*, 2021 WL 4312720, at *2 (E.D. Tex. Sep. 22, 2021) (collecting cases). Accordingly, the motion is granted in part and denied in part in this regard—plaintiff may make limited arguments asking jury to send a message to defendants with respect to a punitive damages verdict, but is forbidden from making any such argument relating to compensatory damages or from emphasizing defendants' status as an outsider in the community.

### 4. References to plaintiff as victim

Defendants next ask that the court bar any reference to plaintiff in this matter as a "victim," arguing that the term conflates this matter and their alleged wrongdoing with a criminal proceeding. As plaintiff points out, however, *Black's Law Dictionary* defines the term to include a "person harmed by a . . . tort." As plaintiff points out, another court in this circuit has rejected similar objections. *Morris v. Young*, 2016 WL 3249109 (N.D. Miss.

June 13, 2016). Furthermore, case law in this circuit and from the United States Supreme Court is replete with instances of employment discrimination plaintiffs being referred to as "victims." *See, e.g.*, *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *BNSF Ry. Co. v. White*, 548 U.S. 53 (2006); *EEOC v. WC&M Enterps., Inc.*, 496 F.3d 393 (5th Cir. 2007); *EEOC v. BassPro Outdoor World LLC*, 35 F.Supp.3d 836 (S.D. Tex. 2014). The undersigned agrees that the risk of confusion or undue prejudice is minimal and that plaintiff may appropriately use the word "victim" to describe himself under the claims at issue. The motion is therefore denied on this basis.

### 5. References to Motions or Rulings

The defendants ask that the court exclude any mention of pre-trial rulings by the court, including on this motion in limine. They also request that the court forbid any mention of or reference to pleadings, motions, or other matters filed by defendants in this case. Plaintiff opposes this motion because pleadings are not evidence and, he thus argues, there is no objective basis for their exclusion. The court lacks context for how any such references would be made during trial and, in the absence of a more specific basis for their exclusion, declines to issue what would amount to an advisory ruling on their admissibility.

### 6. Commentary, testimony, and evidence relating to dismissed claim

Defendants request an order barring any comment, argument, testimony, or evidence relating to the racial discrimination claim dismissed by the court on summary judgment. Plaintiff opposes this request to the extent that references to his allegations of racial discrimination are necessary to support his surviving retaliation claim.

To establish a prima facie claim of retaliation, the plaintiff must show that (1) she participated in an activity protected by Title VII; (2) her employer took an adverse action against her; and (3) there is a causal link between the two. *Banks v. E. Baton Rouge Par. Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003). Under Title VII's anti-retaliation provisions, "protected activity" includes "oppos[ing] any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3a. The plaintiff need not show that the conduct she opposed rose to the level of a Title VII violation, but she "must at least show a reasonable belief that it did." *Taliaferro v. Lone Star Implementation Co.*, 693 F. App'x 307, 310 (5th Cir. 2017) (quoting *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 237 (5th Cir. 2016)). In determining what constitutes a "reasonable belief," the court looks to the frequency and severity of the conduct as well as the context in which the employee opposed the conduct. *Id.* (citations omitted). Unless defendants will stipulate to this element, the court agrees that evidence of the underlying acts alleged discrimination remain critical to plaintiff's retaliation claim. Accordingly, the motion is denied in this regard.

7. **Mischaracterizations of exhibits**

Defendants also request that the court prohibit any mischaracterization of the contents of exhibits. Plaintiff's counsel responds that he is aware of his duty of candor and has no intention of doing anything other than arguing the reasonable inferences the jury can draw from the exhibits. The court is confident that all counsel in this matter are professionals who are aware of their obligations and that they do not require an order in limine against violating them. The motion is denied in this regard, without prejudice to any

party's right to object to characterizations at trial when the court can review them in the context of the proffered exhibit.

### 8. Commentary, testimony, and evidence regarding claims not pled

Defendants also request that the court exclude any evidence or mention of claims not asserted in plaintiff's petition. The court is broadly in agreement that plaintiff may not bring new claims at this stage of the proceeding. However, defendants go further and ask for an order barring "any comments, arguments, testimony, and/or documents pertaining to **any allegation** of harassment or retaliation that was not pleaded in the Complaint[.]" Doc. 33, att. 2, pp. 10–11. Plaintiff has properly raised a claim of harassment under Title VII that is still before the court; whether a specific example falling under that claim was sufficiently noticed in the complaint's more general allegations cannot be determined at this time. Accordingly, the court will deny the motion in this regard without prejudice to defendants' right to object to any such references or evidence at trial.

### 9. Commentary or evidence relating to problems of other employees

Defendants next ask that the court exclude commentary, argument, or evidence relating to anecdotal employment-related problems of employees who are not similarly situated to plaintiff. Plaintiffs oppose the motion, noting that defendants have not called into question any specific evidence and that evidence of actions taken against other employees may support a claim of intentional discrimination. Indeed, in the retaliation context the plaintiff must show that the adverse employment action would not have taken place but for his protected activity and may do so with evidence that similarly situated employees were treated less harshly than the plaintiff. *E.g.*, *Strong v. Univ. Healthcare*

*Sys., LLC*, 482 F.3d 802, 806 (5th Cir. 2007). Without more information on the evidence sought to be excluded, the court cannot determine whether the employees at issue are similarly situated to plaintiff. Accordingly, the motion is denied in this regard without prejudice to defendants' right to object at trial.

10. **Commentary or evidence regarding other claims against defendant**

Defendants also seek to exclude mention or evidence of other claims, judgments, actions, or charges against them. Plaintiffs oppose this request, noting that defendants cite to no action in particular and that another member of plaintiff's crew, Mr. Govea, has filed a charge of discrimination alleging retaliation that may prove relevant in proving plaintiff's claim against the same supervisor. As another court in this circuit recently noted, "me too" evidence by a fellow employee may prove relevant to whether an employer discriminated or retaliated against the plaintiff—particularly when it is close in time to the events of the case and involves the same decision makers. *Harkness v. Bauhaus USA, Inc.*, 2015 WL 631512, at *2–*3 (N.D. Miss. Feb. 13, 2015) (citing *Nuskey v. Hochberg*, 723 F.Supp.2d 229, 233 (D.D.C. 2010)). The court cannot judge the potential admissibility of the unspecified evidence defendants seek to exclude at this point and declines to enter a blanket order. Accordingly, the motion is denied in this regard without prejudice to defendants' right to object to specific argument or evidence at trial.

11. **Statements regarding filing of an EEOC charge, discrimination, or harassment**

Defendants also move to exclude "[a]ny comment, argument, and/or evidence that constitutes generalized, conclusory, and/or speculative statements about the effect of filing

an EEOC charge, or regarding perceived discrimination or harassment, or testimony about events of which the witnesses have no personal knowledge[.]" The court cannot judge the admissibility of all statements potentially falling under this broad umbrella and thus declines to enter any such order. Defendants may object to any inappropriate argument or evidence as it arises at trial.

12. **EEOC determination letter**

Defendants also seek to exclude the EEOC determination letter from August 21, 2019, on the grounds that it contains legal conclusions regarding plaintiff's claim and factual statements that are "demonstrably false." The letter at issue, in which the EEOC finds "reason to believe that violations [of Title VII] have occurred" and recommends the matter for informal conciliation, contains the following statements regarding plaintiff's claims:

> Evidence shows that the Charging Party was employed by the Respondent as a Rigger for approximately four months. Evidence further shows that racial comments were made by a (White) co-worker during the Charging Party's employment and that the Charging Party's foreman was not only aware of the comments but was present when some of the comments were made but took no action to address the conduct. This evidence is sufficient to show that the Charging Party suffered severe and pervasive harassment which interfered with the well-functioning of the workplace and this harassment caused the Charging Party's constructive discharge after a brief period of employment.

Doc. 36, att. 1. On the other hand, this court dismissed the harassment/racial discrimination claim based on a finding that the foreman's knowledge could not be imputed to the employer and that the employer took prompt remedial action to end the discrimination after plaintiff reported it. Doc. 22. Additionally, the surviving claim of retaliation depends on

allegations that plaintiff was constructively discharged when he was subjected to certain retaliatory acts after he complained of the discrimination rather than that the harassment itself caused his constructive discharge. *Id.*

Courts have repeatedly excluded EEOC determination letters based on a finding that the legal conclusions therein are more prejudicial than probative. *See, e.g.*, *Nuccio v. Shell Pipeline Co.*, 506 F.Supp.3d 382, 389 (E.D. La. 2020), *Weathersby v. One Source Mfg. Tech. LLC*, 2009 WL 8747824, at *3–*4 (W.D. Tex. Apr. 2, 2009). The Fifth Circuit has acknowledged that such determinations may be "highly probative of discrimination" but also emphasizes that the district court retains discretion to determine under Federal Rule of Evidence 403 whether this value is substantially outweighed by the risk of prejudice. *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1095 (5th Cir. 1994) (citing *Cortes v. Maxus Expl. Co.*, 977 F.2d 195, 201–02 (5th Cir. 1992)).

Here the court determines that, under Rule 403, the letter's potential prejudice substantially outweighs its probative value and justifies exclusion. The letter is merely a summary of the evidence before the EEOC and not the full investigative report. Legal conclusions by the EEOC based on what certain unidentified evidence indicates are not very helpful in this matter, particularly as those conclusions differ from the court's conclusions based on evidence currently in the record. *See Price v. FedEx Corp.*, 283 F.3d 715, 725 (5th Cir. 2002) (distinguishing EEOC determination from investigative report). In response the plaintiff offers to supplement the letter with unspecified portions of the investigative report. Even if this could lessen the potential for prejudice or confusion, it would not be sufficient to boost the probative value of the letter. Because the

determinations primarily relate to a claim dismissed by the court, they are not particularly probative of any issue before the trier of fact. Accordingly, the motion will be granted in this regard.

### 13. EEOC notice of conciliation failure

Defendants also request that the court exclude the EEOC's Notice of Conciliation Failure on the grounds of relevance. The document in question, dated December 5, 2019, simply states that the EEOC's efforts to conciliate the case have been unsuccessful and that it has determined not to file suit on plaintiff's behalf. Doc. 36, att. 2. Accordingly, it continues, the matter is dismissed and plaintiff is given 90 days from receipt of the letter to file a private lawsuit in state or federal court. *Id.*

Plaintiff thus argues that the document is relevant to the extent it becomes necessary to prove that he timely filed suit in this matter. As defendants point out, however, this same information is contained in the separate Notice of Suit Rights letter attached to the complaint. Doc. 1, att. 1. This document may be submitted as proof of timeliness and exhaustion of EEOC remedies without the potentially prejudicial information regarding a failure of conciliation. Accordingly, the motion is granted in this regard.

### 14. Subjective belief of discrimination or harassment

Defendants request that the court exclude any comment, testimony, or evidence regarding plaintiff's subjective belief that he was the victim of discrimination, on the grounds that such evidence is speculative and conclusory. They also assert that plaintiff's subjective beliefs are "not competent evidence of discrimination, retaliation, and/or harassment and its probative value, if any, would be greatly outweighed by the risk of

undue prejudice to Defendants." Doc. 33, att. 2, p. 15. As plaintiff notes, however, the Fifth Circuit has permitted lay witnesses to offer opinion testimony about discriminatory motive or intent as long as this testimony satisfies Federal Rule of Evidence 701 with a rational basis in what the witness was personally able to observe. *Haun v. Ideal Indus., Inc.*, 81 F.3d 541, 548 (5th Cir. 1996); *see also Hansard v. Pepsi-Cola Metro. Bottling Co., Inc.*, 865 F.2d 1461, 1466–67 (5th Cir. 1989) (concluding, with admitted hesitancy, that trial court had not abused its discretion in admitting lay opinion testimony of one employee as to company's discriminatory motive).

Accordingly, the court must evaluate any allegedly subjective opinions on discrimination and retaliation to determine whether a proper foundation has been laid so that they may be admitted under Federal Rule of Evidence 701. Given that no specific testimony has yet been challenged, the court cannot make this determination in limine and therefore denies the motion on this basis.

### 15. Stray Remarks

Defendants next seek to exclude any "[s]tray remarks representing alleged acts of discrimination which were not directed to Plaintiff or in conversations to which Plaintiff was not a party," on the grounds that they are irrelevant to his specific claims, prejudicial, and would constitute hearsay. Doc. 33, att. 2, p. 15. As plaintiff notes, the determination of whether an offensive comment represents a "stray remark" under anti-discrimination law is fact-intensive and involves questions of temporality, relation to the employment decision at issue, relation to the alleged targeted class, and the decision-making authority of the speaker. *Jackson v. Cal-Western Pkg. Corp.*, 602 F.3d 374, 380 (5th Cir. 2010). Stray

remarks do not constitute direct evidence of discrimination but may be used as circumstantial evidence alongside other discriminatory conduct. *Paulissen v. MEI Technologies, Inc.*, 942 F.Supp.2d 658, 669–70 (S.D. Tex. 2013). The court cannot properly gauge the admissibility of any unspecified remarks, including the application of any hearsay exception, at this stage. Accordingly, the motion is denied in this regard and defendants may urge their objections at trial.

### 16. Causation of mental and emotional distress

Defendants next seek to exclude "[a]ny comment, argument, testimony, and/or document that Plaintiff attempts to offer regarding any proof of causation of mental and/or emotional distress" on the grounds that neither plaintiff nor any other lay witness is competent to testify as to causation. Doc. 33, att. 2, p. 16. As the Southern District of Mississippi recently reasoned, however, testimony on the causation of mental anguish or emotional distress differs from medical causation testimony requiring expert knowledge:

> Defendants are correct that lay witnesses may not provide an opinion which "requires specialized medical knowledge." *United States v. York,* 600 F.3d 347, 361 (5th Cir.2010). Such testimony "is not the type of opinion that one could reach as a process of everyday reasoning." *Id.* However, Defendants have not cited to any authority applying that general principle to a case like this one. Dixon allegedly witnessed some of Plaintiff's interactions with Defendants, witnessed Plaintiff's emotional state during and after such interactions, and formed an opinion as to the causation of Plaintiff's emotional state. The Court believes it arguable that such opinion testimony is the "product of reasoning processes familiar to the average person in everyday life," *Sosa*, 513 F.3d at 194, and arises from "common sense" and "firsthand observation." *Ebron*, 683 F.3d at 138. One does not need a medical degree to observe another person and discern whether they are upset.

*Ishee v. Fed. Nat'l Mortg. Ass'n*, 2014 WL 6686705 (S.D. Miss. Nov. 26, 2014); *see also Vadie v. Miss. State Univ.*, 218 F.3d 365, 377 (5th Cir. 2000) (plaintiff's testimony alone

could support award of compensatory damages for emotional distress arising from constitutional violation). The court sees no reason why, with a proper foundation under Federal Rule of Evidence 701, plaintiff or any other lay witness should not be able to offer an opinion on plaintiff's mental state after the alleged acts of retaliation and the connection between the two. Accordingly, the motion is denied in this regard.

17. **Absence or unavailability of any witness**

Defendants next seek to exclude "[a]ny testimony, statements, or reports of any witness who is absent, unavailable, or not called to testify in this case, including any reference to any hearsay statements, **not within an exception**, made by a person not presented to testify in court." Doc. 33, att. 2, p. 16 (emphasis added). Plaintiff opposes the motion for lack of specificity and based on the fact that Paul Williams, his former foreman and a key witness in the case, has passed away and that his statements may be admitted under Federal Rules of Evidence 801(d), 804, or 807. The court notes that defendants have appropriately allowed for such exceptions in their request and agrees that statements not determined to fall within such an exception must not be admitted. Accordingly, the motion is granted in this regard.

18. **Law firm**

Defendants next request that the court prohibit any reference to the type or character of practice of defense counsel's firm, its size, location, or typical clientele. Plaintiff responds that he does not intend to make any such remarks at trial other than to provide necessary background (presumably limited to plaintiff/plaintiff's counsel) for voir dire. The court agrees that any references by plaintiff or plaintiff's counsel to the above-

mentioned topics as it relates to defense counsel and their firm are inappropriate, irrelevant, and unduly prejudicial, and therefore grants the motion in this regard.

19. **Settlement**

Finally, defendants seek to exclude any mention of settlement offers or negotiations. Plaintiff agrees that this topic is generally improper and off-limits under Federal Rule of Evidence 408, but reserves his right to reference same if it becomes relevant for admissible purposes under that rule "such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b). The court agrees, with the caveat that the plaintiff must submit his proposed reference or evidence for an admissibility determination at sidebar before being allowed to raise the topic before the jury. Accordingly, the motion is granted in part and denied in part in this regard.

### III.
#### CONCLUSION

For the reasons stated above, the Motion in Limine [doc. 32] is **GRANTED IN PART** and **DENIED IN PART** as described above.

**THUS DONE AND SIGNED** in Chambers this 25th day of May, 2022.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE